<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOHN M. HAYES, | : | |
| | : | |
| Plaintiff, | : | Civil No. 10-4624 (FLW) |
| | : | |
| v. | : | |
| | : | |
| CHARLES ELLIS, WARDEN, | : | **OPINION** |
| et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> JOHN M. HAYES, Plaintiff <u>pro se</u>
> #323254B/668367
> Southern State Correctional Facility
> 4295 Route 47, Unit 9
> Delmont, New Jersey 08314

**WOLFSON**, Chief Judge

Plaintiff, John M. Hayes, a state inmate presently confined at the Southern State Correctional Facility in Delmont, New Jersey, seeks to bring this action <u>in forma pauperis</u>. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed <u>in forma pauperis</u> ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice for failure to state a cognizable claim of a federal constitutional violation.

## I.  BACKGROUND

Plaintiff, John M. Hayes ("Hayes"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: Charles Ellis, Warden at the Mercer County Correction Center; the Mercer County Correction Center ("MCCC"); the MCCC Medical Department; and Dr. Aguilar at the MCCC Medical Department.  (Complaint, Caption and ¶¶ 4b, 4c and attachments). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Hayes alleges that Warden Ellis failed to protect plaintiff from dangerous conditions at the MCCC, by failing to correct a dangerous condition, and by failing to provide safeguards or warnings of the dangerous conditions.  (Compl., ¶ 4b).  Hayes further alleges that Dr. Ellis and the staff at the MCCC Medical Department failed to send plaintiff for x-rays and MRIs at the time of his injury.  (Compl., ¶ 4c).

Hayes seeks $500,000.00 in compensatory damages from defendants.  (Compl., ¶ 7).

II.  <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding <u>in forma pauperis</u> or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to <u>sua sponte</u> dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to <u>sua sponte</u> screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007)(following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).  <u>See also</u> <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower</u>

3

Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court
need not, however, credit a pro se plaintiff's "bald assertions"
or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis
either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,
325 (1989) (interpreting the predecessor of § 1915(e)(2), the
former § 1915(d)).  The standard for evaluating whether a
complaint is "frivolous" is an objective one.  Deutsch v. United
States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a
claim only if it appears "'beyond doubt that the plaintiff can
prove no set of facts in support of his claim which would entitle
him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v.
Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S.
at 93-94 (In a pro se prisoner civil rights complaint, the Court
reviewed whether the complaint complied with the pleading
requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard
for summary dismissal of a Complaint that fails to state a claim
in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before
the Supreme Court was whether Iqbal's civil rights complaint
adequately alleged defendants' personal involvement in
discriminatory decisions regarding Iqbal's treatment during
detention at the Metropolitan Detention Center which, if true,

violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' "Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed.R.Civ.P. 8(d).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly.  Fowler, 578 F.3d

---

[2]  In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Id., 355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

at 210.  The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  [Iqbal, 129 S.Ct. at 1949-50].  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  [Id.]  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  See Phillips, 515 F.3d at 234-35.  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'"  Iqbal, [129 S.Ct. at 1949-50].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   ANALYSIS

A.   Denial of Medical Care Claim

First, Hayes alleges that Dr. Aguilar and the MCCC Medical Department did not send him for an x-ray or MRI at the time of his injury.  The Court construes this claim as alleging a denial of medical care in violation of the Eighth Amendment.[3]

---

[3]  It appears that plaintiff was a convicted prisoner at the time he filed his Complaint, being confined at MCCC until he was transferred to Southern State Correctional Facility in Delmont, New Jersey, where he is presently confined.

8

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).  In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege:  (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  Estelle, 429 U.S. at 106; Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious.  "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"  Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss."  Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); see also Monmouth County Correctional Institutional Inmates v. Lanzaro,

9

834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006
(1988).

The second element of the Estelle test requires an inmate to
show that prison officials acted with deliberate indifference to
his serious medical need.  See Natale, 318 F.3d at 582 (finding
deliberate indifference requires proof that the official knew of
and disregarded an excessive risk to inmate health or safety).
"Deliberate indifference" is more than mere malpractice or
negligence; it is a state of mind equivalent to reckless
disregard of a known risk of harm.  Farmer v. Brennan, 511 U.S.
825, 837-38 (1994).  Furthermore, a prisoner's subjective
dissatisfaction with his medical care does not in itself indicate
deliberate indifference.  Andrews v. Camden County, 95 F. Supp.2d
217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145
(D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly,
"mere disagreements over medical judgment do not state Eighth
Amendment claims."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir.
1990).  "Courts will disavow any attempt to second-guess the
propriety or adequacy of a particular course of treatment ...
[which] remains a question of sound professional judgment."
Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d
Cir. 1979) (internal quotation and citation omitted).  Even if a
doctor's judgment concerning the proper course of a prisoner's
treatment ultimately is shown to be mistaken, at most what would

be proved is medical malpractice and not an Eighth Amendment violation.  Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment.  See Rouse, 182 F.3d at 197.  The court also has held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment.  Atkinson, 316 F.3d at 266.  See also Monmouth County Correctional Institutional Inmates, 834 F.2d at 346 ("deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment"); Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897 F.2d 103 (3d Cir. 1990).

This Court finds, based on the allegations of the Complaint, that Hayes has failed to satisfy either the objective or subjective prong of his Eighth Amendment denial of medical care claim.  First, he fails to allege any facts concerning his injury to demonstrate serious medical need.

Second, as to deliberate indifference, Hayes simply complains that Dr. Aguilar did not send him for x-rays or MRIs.

11

He alleges no facts to show that show deliberate indifference by defendants.  Hayes does not allege any facts to show that defendants knew of plaintiff's need for medical treatment but intentionally refused to provide it, that defendants delayed necessary medical treatment for non-medical reasons; or that defendants prevented plaintiff from receiving needed or recommended treatment.  See Rouse, 182 F.3d at 197.  His allegations simply show nothing more than his disagreement with Dr. Aguilar's course of treatment, namely, the lack of need for an x-ray or MRI.  Hayes fails to allege the nature of his injury, nor does he assert a serious or obvious need for the treatment he suggests.  Accordingly, plaintiff's denial of medical care claim under the Eighth Amendment must be dismissed without prejudice, as against defendants Dr. Aguilar and the MCCC Medical Department, for failure to state a cognizable claim under § 1983 at this time based on the minimal facts he alleges in this Complaint.

B.   Negligence Claim

     Although Hayes brings this action under 42 U.S.C. § 1983, he also appears to allege a tort claim of negligence against defendants Warden Ellis and the MCCC, regarding a personal injury sustained due to defendants' alleged negligence in failing to correct or warn plaintiff about "dangerous conditions" at the MCCC.  Hayes does not set forth any facts concerning the type of accident, personal injury, dangerous condition, or even the date

the alleged incident occurred in his Complaint.  In short, it appears that plaintiff is alleging in a very general manner that defendants failed to exercise due care, which caused Hayes to suffer personal injury.

However, where defendants merely have failed to exercise due care, as loosely alleged in this instance, such negligence is insufficient to establish a violation of the Eighth or Fourteenth Amendment.  See Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Schwartz v. County of Montgomery, 843 F. Supp. 962 (E.D. Pa.), aff'd, 37 F.3d 1488 (3d Cir. 1994) (mere negligence insufficient to support a § 1983 action for violation of the Eighth or Fourteenth Amendments).

Therefore, this Court is constrained to dismiss with prejudice plaintiff's § 1983 action in its entirety, as against Warden Ellis and the MCCC,[4] for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

This Court also finds that plaintiff's Complaint alleging a claim of negligence is subject to dismissal for lack of subject matter jurisdiction.  Hayes may proceed with his negligence claims against defendant Warden Ellis only if there is federal

_____

[4]  Further, the Court notes that the defendant, MCCC, must be dismissed from this action because the MCCC is not a "person" subject to liability under § 1983.  See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989)(correctional facility is not a person under § 1983); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976).

jurisdiction and, under the facts of the case, there is federal jurisdiction only if plaintiff and defendant are citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332.

It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, *i.e.*, each plaintiff must be a citizen of a different state from each defendant.  Owen Equipment and Erection Co. V. Kroger, 437 U.S. 365 (1978).  In particular, if a sole plaintiff and any one of several defendants are citizens of the same state, complete diversity is lacking and the action would have to be dismissed for lack of jurisdiction.  Id.

In the present case, the Complaint appears to allege that all of the defendants and plaintiff are citizens of the State of New Jersey, and are domiciled or reside or do business in New Jersey.  Therefore, the Complaint does not assert complete diversity between plaintiff and defendants to satisfy § 1332(a).

Accordingly, because the Complaint fails to assert diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), and there is no federal question jurisdiction over any state law claim that may be construed from the Complaint against the named defendants, as set forth above, pursuant to 28 U.S.C. § 1331, this Court will dismiss the negligence claim for lack of subject matter jurisdiction.

IV.   CONCLUSION

For the reasons set forth above, plaintiff's Eighth Amendment denial of medical care claim, as against defendants Dr. Aguilar and the MCCC Medical Department, will be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(B)(1), for failure to state a claim upon which relief may be granted at this time.  In addition, the Complaint will be dismissed with prejudice in its entirety as against defendant MCCC for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Finally, to the extent plaintiff is asserting a state law claim of negligence against the remaining defendant Warden Ellis, such claim will be dismissed with prejudice for lack of subject matter jurisdiction under either diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), or federal question jurisdiction under 28 U.S.C. § 1331.  An appropriate order follows.


                                        s/Freda L. Wolfson
                                        FREDA L. WOLFSON
                                        United States District Judge
Dated: April 11, 2011